IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 19, 2008 Session

## IN RE ESTATE OF RUTHIE MAE BOYKIN

## RAYMOND BOYKIN v. RUBYSTEIN CASHER

An Appeal from the Probate Court for Shelby County
No. C-8207    Robert Benham, Judge

No. W2007-01350-COA-R3-CV - Filed December 30, 2008

This appeal involves the administration of an intestate estate. The respondent was appointed administratrix of her mother's estate. She administered the estate with the help of an attorney. At the time of the decedent's death, the decedent and the respondent owned a joint banking account with the right of survivorship. The respondent determined that the proceeds in the account passed directly to her upon the decedent's death, and so she did not include it in the decedent's estate. The respondent made a final distribution to the heirs of the estate, and the estate was closed. Subsequently, the petitioner, one of the decedent's heirs and the respondent's brother, filed a motion to reopen the estate. He alleged that the respondent and her attorney mismanaged the estate and violated his claimed right to a portion of the decedent's joint checking account. The trial court reopened the estate and appointed a successor administrator. After a hearing, the trial court granted the petitioner's claim to some additional distribution, but determined that the petitioner was not entitled to a portion of his mother's joint checking account. The petitioner now appeals. Because all of the petitioner's claims were not adjudicated by the trial court, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed for Lack of Jurisdiction**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Raymond Boykin, Memphis, Tennessee, *pro se*.

Lynn W. Thompson and Charmaine Claxton, Memphis, Tennessee, for the appellee, Rubystein Casher.

Scott B. Peatross, Memphis Tennessee, for the Estate of Ruthie Mae Boykin.

**OPINION**

On June 25, 2003, Ruthie Mae Boykin ("Decedent") died intestate. Petitioner/Appellant Raymond Boykin ("Raymond") and Respondent/Appellee Rubystein Casher ("Ruby") are two of the Decedent's three children.[1] At her death, the Decedent had $33,307 in cash assets and a life insurance claim of $913. The Decedent also had a joint checking account with her daughter Ruby at the Memphis Area Teacher's Credit Union ("MATCU account"). Under the terms of the account, Ruby had a right of survivorship at the death of Decedent. The joint account was the Decedent's largest asset; at the time of her death, it had over $100,000 in it.

On July 14, 2003, Ruby filed a petition to appoint herself as the administratrix of her mother's estate, which was granted. Ruby performed her administrative duties, aided by attorney Kathy Kirk ("attorney Kirk"). When the estate was distributed, Raymond received about $6,600 in proceeds. He signed a receipt and waiver acknowledging his receipt of the funds. On January 7, 2005, the estate was closed.

On February 10, 2005, Raymond filed a *pro se* petition to reopen the estate, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. In his motion, Raymond alleged, *inter alia*, mismanagement of the estate, mail fraud, forgery, larceny, and violation of the code of professional responsibility by attorney Kirk.[2] On July 11, 2005, he filed a motion to set aside the order of the trial court closing the estate.

Thereafter, Raymond hired an attorney. On October 6, 2005, he filed a motion for default judgment, to compel an accounting, and for final settlement. In the motion, Raymond requested a hearing on the conduct of attorney Kirk related to the allegations in his February 2005 petition. He also requested a hearing on the accounting, particularly with regard to whether the MATCU joint account should have been included in the estate. On November 14, 2005, the trial court entered a consent order reopening the estate, compelling an accounting, and appointing Scott Peatross ("Peatross") as the successor administrator for the estate.

Thereafter, Ruby filed an accounting of the estate. Peatross filed exceptions to the accounting. The trial court held a hearing on the exceptions. On April 18, 2006, the trial court entered an order sustaining some exceptions, finding that Ruby had made about $6,349 in payments from the estate that were not authorized, including $3,000 in attorney's fees. On March 19, 2007, Raymond, again *pro se*, filed a petition to receive payment.

On May 2, 2007, the trial court conducted a hearing on Raymond's petition to receive payment from the estate. There is no transcript of this hearing, but the record on appeal includes a Statement of the Evidence in it. *See* Tenn. R. App. P. 24(c). According to the Statement of the Evidence, Raymond sought payment of $578.06 from Ruby, and he raised no other issues or claims

---

[1]The Decedent's third child is Ronald Boykin, who is not a party to this appeal.

[2]Attorney Kirk was not named as a defendant in Raymond's action.

in his March 19, 2007 petition. At the hearing, Raymond testified that he was promised that he would receive an additional $578. He also stated that he believed that he was entitled to a portion of the funds in the Decedent's MATCU account. On cross-examination, Raymond conceded that he had no evidence or law to support his claim that he was entitled to the funds in the joint MATCU account. Raymond also admitted that he had served over seven years in prison for robbery. Ruby testified as well. She stated that the MATCU account was opened by the Decedent as a joint account between the Decedent and her. After Ruby's father's death in October 1998, Ruby testified, she was designated as the beneficiary of the MATCU account by the Decedent. The MATCU account's "Joint Share Account Agreement" and the "Designation of Beneficiary" were submitted into evidence, and the signatures of both Ruby and the Decedent were authenticated.

On May 18, 2007, the trial court entered two orders. The first order stated, among other things, that Ruby was required to reimburse the estate for $3,348 in improper payments. In the second order, the trial court granted relief to Raymond, ordering the court clerk to pay $578 to him from the funds held by the estate. The trial court also found that the money in the MATCU account was not part of the estate, but that it instead was owned by Ruby according to the terms of the account. The Statement of the Evidence acknowledged that counsel for Raymond, when he was involved, had "asked the Court specifically to order a hearing concerning the 'conduct of Attorney Kathy Kirk . . . .' " As to this request, "[n]o hearing was held or ordered." Raymond now appeals the trial court's orders.

On appeal, Raymond raises several issues. His arguments, as we perceive them, are as follows: (1) the trial court erred in finding that the MATCU account was not includable in the estate, because such a finding violates the laws of intestate succession; (2) the trial court violated Raymond's constitutional rights by failing to either grant or deny his request for a hearing on several claims, such as his claim that the estate was mismanaged and improperly administered; (3) on remand, the trial judge should recuse himself from further involvement in the case; (4) the trial court erred in failing to conclude that the estate was not managed properly; (5) the $3,000 fee requested by attorney Kirk was not justified; and (6) Peatross should be disqualified from representing the estate based on willful misconduct.

Before turning to the issues raised on appeal, under Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must first determine whether we have subject matter jurisdiction to adjudicate this appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter. Lack of appellate jurisdiction cannot be waived. ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996). This Court may consider its own subject matter jurisdiction *sua sponte*. ***Ruff v. State***, 978 S.W.2d 95, 98 (Tenn. 1998); Tenn. R. App. P. 13(b). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3 of the Tennessee Rules of Appellate Procedure provides that, if an action includes multiple parties or multiple claims, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. From our review of this record, it appears that the trial court has not yet adjudicated all of Raymond's claims. First, as the Statement

of the Evidence notes, the trial court did not address Raymond's request for a hearing on the conduct of Attorney Kathy Kirk.[3] Furthermore, the trial court did not address Raymond's request for attorney's fees and costs requested in that same motion. Because Raymond was a prevailing party, at least in part, based on the $578 award granted in one of the May 18, 2007 orders, his request for attorney's fees and costs should have been adjudicated by the trial court. Although Peatross and counsel for Ruby insist that all of Raymond's claims were addressed, the record reflects otherwise.

Because all of the claims have not been adjudicated, this Court would have jurisdiction to hear this appeal only if permission to file an interlocutory appeal had been granted pursuant to Rules 9 or 10 of the Tennessee Rules of Appellate Procedure, or if the order appealed had been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Neither was done. Therefore, we lack jurisdiction to hear this appeal.

Although we do not address the merits of this appeal, we observe that several of the issues raised by Raymond on appeal are matters that may not have been presented to the trial court in the first instance. It is well-settled that "questions not raised in the trial court will not be entertained on appeal . . . ." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). At the appellate level, "we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . ." *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976). Thus, the challenges in any further appellate proceedings would be limited to issues that were raised in the trial court and adjudicated therein.

The appeal is dismissed. Costs on appeal are to be taxed to Appellant Raymond Boykin, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[3] As noted above, Raymond argues that the trial court's failure to adjudicate this issue constitutes a violation of his constitutional rights. We do not address this or any other substantive issue in this appeal, as we have determined that we lack subject matter jurisdiction over this appeal.