# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 30, 2014 Session

## JERTERRIUS MARSHAWN AKRIDGE ET AL. v. FATHOM, INC. ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 12C1531      Jacqueline S. Bolton, Judge

---

### No. E2014-00711-COA-R9-CV-FILED-JANUARY 7, 2015

---

This is an interlocutory appeal regarding the trial court's denial of the defendants' motions for summary judgment. The plaintiffs filed this lawsuit following a shooting that occurred on December 24, 2011, outside Club Fathom in Chattanooga, a youth outreach ministry operated by two of the defendants. The defendants moved for summary judgment. The trial court denied their motions, and the defendants sought and were granted an interlocutory appeal. We determine that the court erred in failing to grant summary judgment to the defendants regarding the plaintiffs' negligence claims. We therefore reverse the judgment of the trial court. We remand the case for entry of summary judgment regarding the plaintiffs' negligence claims and for a determination regarding the remaining lease issue.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

N. Mark Kinsman and J. Chad Hogue, Hixson, Tennessee, for the appellants, Fathom, Inc. and Timothy Reid.

Thomas A. Williams and James F. Exum, III, Chattanooga, Tennessee, for the appellants, 412 Market Street Trust and Beverly B. Henry, Trustee for 412 Market Street Trust.

Rodney H. Bennett, Rossville, Georgia, for the appellees, Jerterrius Marshawn Akridge; Thomas Lamar Armstrong; Demonya Marquel Battle a/k/a Demonta Battle, a minor, b/n/f and mother Yoniika Pointer; Raheem Blunt; and Juane Lontate Joseph.

**OPINION**

## I. Factual and Procedural Background

Jerterrius Marshawn Akridge; Thomas Lamar Armstrong; Demonya Marquel Battle a/k/a Demonta Battle, a minor, b/n/f and mother Yoniika Pointer; Raheem Blunt; and Juane Lontate Joseph ("Plaintiffs") filed this action regarding a shooting that occurred outside Club Fathom, a youth outreach ministry operated by its owners, Fathom, Inc. and Timothy Reid, at 412 Market Street. Defendants Fathom, Inc. and Mr. Reid lease the premises at 412 Market Street from defendants 412 Market Street Trust and Beverly Henry, Trustee ("Defendants" collectively).

Plaintiffs alleged that they were attending a public musical event at Club Fathom on December 24, 2011. Club Fathom ministers to at-risk youth, including rival gang members. Plaintiffs asserted that certain patrons at Club Fathom on that evening wore gang colors and that an altercation erupted inside the building. According to Plaintiffs, the security personnel employed by Club Fathom then stopped the event and forced all patrons to exit the building. Plaintiffs were subsequently "caught in the crossfire of a shootout which occurred outside the premises."

Defendants filed a motion to dismiss, positing that they own nothing beyond the four walls of the 412 Market Street building. All surrounding structures and parking lots are owned by other entities. Defendants argued that since the complaint only alleged liability based on a tortious event happening outside the building, Defendants could not be liable.

Plaintiffs claimed that Club Fathom had a history of violence and that numerous incidents of crime and public disorder had occurred there. Plaintiffs averred that several months prior to the incident in question, the former mayor, former police chief, and representatives of the district attorney's office met with Mr. Reid due to ongoing problems at the club. Plaintiffs contend that Defendants violated a duty to them, as invitees of Club Fathom, to operate the club in a reasonably safe manner.

The trial court's order regarding the pending motions states in pertinent part:

Because the defendants have filed discovery responses with their Motion to Dismiss and the plaintiffs have filed Affidavits and a deposition transcript as part of their response, the defendants' Motion to Dismiss shall be converted to a Motion for Summary Judgment.

* * *

-2-

This case is a premises liability action involving a shooting that occurred adjacent to Defendants' club and property. Defendant, Fathom, Inc., was a venue intended to minister to at risk urban youth by holding open mic nights and musical events. Defendant, Fathom, Inc., held an event at the premises it leased from Defendant, 412 Market Street Trust, on December 24, 2011. On this night, an altercation broke out inside the club. The club's security officers shut down the event, removing the patrons who were fighting as well as forcing all the patrons to exit the club. Shortly after the patrons exited the club, gunfire began outside and the plaintiffs were injured.

Plaintiffs argue that before the Court decides the defendants' summary judgment motion, it should address the Plaintiffs' Motion to Declare T.C.A. §20-16-101 Unconstitutional. The State of Tennessee intervened to file a brief in opposition to the plaintiffs' motion and urges the Court not to address the constitutionality issue unless it is absolutely necessary to the Court's decision and the parties' rights. *Delany v. Thompson*, 982 S.W.2d 857, 858 (Tenn. 1998). The Court agrees with the State. At this time, the Court does not find it necessary to address the constitutionality of T.C.A. §20-16-101 and therefore, the plaintiffs' motion is moot.

The Court must determine whether the defendants have met their burden on summary judgment. The key issue in this case is whether the defendants owed a duty to protect patrons who were shot just outside of the premises of their club and property. The defendants argue that because the plaintiffs had stepped outside of the defendants' property at the time they were shot, the defendants cannot be held liable for their injuries. The plaintiffs argue that the defendants had a duty to protect their patrons and failed to take reasonable steps to do so resulting in the plaintiffs' injuries. The plaintiffs further argue that the plaintiffs were only outside the defendants' property because the defendants forced them outside and into a foreseeably dangerous situation.

Tennessee courts have held that usually people do not have a duty to protect others from harm except for dangers that they themselves have created. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 357 (Tenn. 2008). However, a duty of reasonable care arises when the parties have a special relationship, such as that of business owner and patron. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009). In *McClung v. Delta Square Ltd. P'ship*, the Tennessee Supreme Court laid out a balancing test for business owners that imposes a duty to protect their customers from foreseeable

criminal acts. 937 S.W.2d 891, 899-902 (Tenn. 1996). This balancing test "weighs the foreseeability of harm and the gravity of harm against the burden on the business to protect against that harm." *Id*. at 902. In *Cullum v. McCool*, a recent decision by the Tennessee Supreme Court, the Court stated, "We recognized that a business is not the insurer of the safety of its customers, but in certain circumstances, it may be required to take reasonable steps to protect its customers against foreseeable harm." No. E2012-00991-SC-R11-CV at *6 (citing *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996)). The Tennessee Supreme Court in *Cullum* continued by stating that risks are unreasonable and give rise to a duty to act with due care when the gravity of harm and the foreseeability of the harm posed by the defendant's conduct outweigh the burden on the defendant to "engage in alternate conduct that would have prevented the harm." *Id*.

After an analysis of the facts of this case, the Court finds that it would be inappropriate to grant the defendants' motion for summary judgment. The defendants' key argument is that the criminal acts did not occur on the property owned by defendants. However, the court is not persuaded by this reasoning. The shootings occurred only steps away from the defendants' building and the plaintiffs were forced outside the building by the defendants when the defendants had knowledge that fighting had occurred and that there was a potentially dangerous situation. Not only did the defendant not take any measures to ensure the safety of its patrons by something as unburdensome as notifying the police, the defendant chose to eject all of its customers out of its building and into that foreseeably dangerous situation. Therefore, under the *McClung* balancing test the Court finds that the burden on the defendant to take reasonable steps to ensure its customers' safety did not outweigh the gravity of harm of the defendants' actions.

Defendants sought and were granted an interlocutory appeal from the trial court's order.

## II. Issues Presented

The following issues were certified for our review:

1.      Whether the 412 Market Street Trust and Beverly B. Henry, as trustee for 412 Market Street Trust, owed a duty to Plaintiffs, either through protection of patrons or a building lease, when the offending acts and the resulting injuries to Plaintiffs occurred on property not owned by Defendants.

-4-

2.  Whether Plaintiffs were beneficiaries of the lease between the lessors, 412 Market Street Trust and Beverly B. Henry, as trustee for 412 Market Street Trust, and the lessees, Fathom, Inc. and Mr. Reid.

3.  Whether Fathom, Inc. or Mr. Reid owed a duty of care to Plaintiffs who were injured by the criminal acts of third parties that occurred beyond the premises occupied by Fathom, Inc.

### III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the standard of review for summary judgment delineated in Tennessee Code Annotated § 20-16-101 (Supp. 2013) applies. *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25 n.2 (Tenn. 2011). The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1)  Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2)  Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.[1]

_____

[1]As this Court has explained:

> Section 20-16-101 was enacted to abrogate the summary-judgment standard set forth in *Hannan* [*v. Alltell Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)], which permitted a trial court to grant summary judgment only if the moving party could either (1) affirmatively negate an essential element of the nonmoving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. The statute is intended "to return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan*, reinstating the 'put up or shut up' standard." *Coleman v. S. Tenn. Oil Inc.*, No. M2011-

(continued...)

-5-

As our Supreme Court has explained:

The standards by which appellate courts customarily review decisions to grant or deny motions for summary judgment are well-known by the bench and bar. Summary judgments are appropriate in virtually every civil case that can be resolved on the basis of legal issues alone. They are not appropriate when genuine disputes regarding material facts exist. Accordingly, a summary judgment is appropriate only when the undisputed facts, and the inferences in the non-moving party's favor reasonably drawn from these facts, require granting a judgment as a matter of law to the party seeking the summary judgment.

Orders granting a summary judgment are not entitled to a presumption of correctness on appeal. Thus, appellate courts reviewing an order granting a summary judgment must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. The reviewing court must consider the evidence in the light most favorable to the non-moving party and must resolve all reasonable inferences in the non-moving party's favor.

*B & B Enter. of Wilson Cnty., LLC v. City of Lebanon*, 318 S.W.3d 839, 844-45 (Tenn. 2010) (internal citations omitted).

## IV. Duty of Care Owed to Plaintiffs

The first and third issues presented for our review involve whether Defendants owed a duty of care to Plaintiffs, who were injured by the criminal acts of third parties that occurred outside the premises occupied by Fathom, Inc. and owned by 412 Market Street Trust and Ms. Henry. As the trial court correctly noted in its order, there is generally no duty to control the conduct of a third party so as to prevent the third party from causing harm to another unless:

(a)     a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

---

[1](...continued)
       01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012).

*Walker v. Bradley County Gov't*, No. E2013-01053-COA-R3-CV, 2014 WL 1493193 at *3 n.3 (Tenn. Ct. App. Apr. 15, 2014). *See also Sykes*, 343 S.W.3d at 25 n.2.

(b)     a special relation exists between the actor and the other which gives to the other a right to protection.

*Newton v. Tinsley*, 970 S.W.2d 490, 492 (Tenn. Ct. App. 1997) (quoting Restatement (Second) of Torts § 315 (1964)).

In this case, Defendants clearly had no special relationship with the third-party tortfeasor that would impose a duty upon Defendants to control the third party's conduct. There is no evidence regarding the identity of the tortfeasor or whether such tortfeasor was ever inside Club Fathom or had any connection thereto. Thus, the only basis upon which a duty could arise in this action is if a special relationship existed between Defendants and Plaintiffs so as to afford Plaintiffs a right to protection by Defendants. Prior case law has recognized that such a special relationship may exist between possessors of premises open to the public and their invitees. *See Newton*, 970 S.W.2d at 492. Such is the special relationship relied upon by the trial court for its finding that a duty existed requiring Defendants to act to protect Plaintiffs in this matter.

We disagree with the trial court's determination, however, that such a duty continued once the invitees exited Defendants' business premises. In support of its ruling, the trial court relied upon our Supreme Court's decisions in *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996) and *Cullum v. McCool*, 432 S.W.3d 829, 833 (Tenn. 2013), wherein the Court found that a duty could exist to protect patrons from the criminal acts of third parties that occurred on the business premises. In *McClung*, a customer was abducted from a shopping mall parking lot and subsequently raped and murdered by a third party. *See* 937 S.W.2d at 894. The Court specifically limited its determination regarding business owner liability to the factual situation of a business owner owing a duty to a patron for injuries occurring on the business premises. *Id*. at 893 ("We granted plaintiff's application for permission to appeal to review the standard for determining business owner liability for injuries occurring **on the business premises** and caused by the criminal acts of third parties.") (emphasis added).

Similarly, in *Cullum*, the Court addressed the issue of whether the store owner could be held liable after ejecting an intoxicated patron who subsequently injured another patron with her vehicle in the parking lot. *See* 432 S.W.3d at 831. Again, the Court repeatedly qualified its determination as that regarding the situation of a foreseeable danger on the business premises. *Id*. at 838 ("The proper focus is on the scope of Wal-Mart's duty to protect Ms. Cullum, its patron, from the danger posed to her **while she was on Wal-Mart's property**.") (emphasis added).

Contrary to the holdings in *McClung* and *Cullum*, however, there appears to exist no

precedent for such a duty to a business patron continuing once the patron has left the business premises. *See Chowbay v. Davis*, No. M2002-01838-COA-R3-CV, 2002 WL 1389604 at *4 (Tenn. Ct. App. June 27, 2002). *Chowbay* is factually analogous to the case at bar. The plaintiff in *Chowbay* was in the parking lot of Silverado's Saloon when he became engaged in an argument with a bar patron. *Id.* at *1. Silverado's security personnel instructed the parties to "take it somewhere else." *Id.* In response, the plaintiff left and proceeded to a vacant parking lot across the street that was not owned by Silverado's. *Id.* The perpetrator followed the plaintiff to the parking lot and assaulted him. *Id.*

The *Chowbay* plaintiff sued the perpetrator and the owners of Silverado's. *Id.* Silverado's owners filed a motion to dismiss, stating that they did not own or control the parking lot wherein the assault occurred. *Id.* The trial court granted summary judgment to Silverado's, and this Court affirmed, stating:

> Plaintiff, on appeal, argues the Trial Court erred in holding that Defendants had no duty to protect Plaintiff from the assault because Defendants neither owned nor controlled the vacant parking lot where the assault occurred. Citing *Staples v. CBL & Associates*, Plaintiff contends Defendants had a duty to protect him from Davis' assault since the risk posed to Plaintiff, a Silverado's patron, was unreasonable and because the attack was foreseeable to Defendants. Plaintiff argues Davis' assault of him was foreseeable to Defendants because some of Silverado's security employees witnessed the verbal altercation between Plaintiff and Davis which occurred on Silverado's premises. Plaintiff also contends, and Defendants do not dispute this contention, that Defendants knew Silverado's patrons were using the vacant parking lot for overflow parking.
>
> The record shows that while Defendants were aware Silverado's customers used the vacant parking lot where Davis' assault of Plaintiff occurred, Defendants neither owned nor controlled the lot, and Plaintiff does not dispute this material fact. Plaintiff, in support of his argument on appeal, cites no Tennessee cases, nor has our research found any, which hold that a property owner or operator owes a duty to its customers to protect them from criminal conduct occurring off defendant's premises. In fact, the cases cited by Plaintiff in support of his argument on appeal, including *Staples v. CBL & Associates*, set forth the standard for determining whether a premises owner or operator has a duty to protect its customers from criminal conduct occurring on its premises. *Id.* at 89-91. Applying the facts and circumstances of this matter to current Tennessee law, any duty of Silverado's to protect Plaintiff from criminal conduct ended when Plaintiff left Silverado's premises. A

"'business is not to be regarded as the insurer of the safety of its customers, and it has no absolute duty to implement security measures for the protection of its customers.'" *Id*. at 90 (quoting *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d at 902). We decline to extend the duty owed by a premises owner or operator to its customers to include protection from criminal acts occurring off the defendant business' property. Accordingly, because Defendants owed no duty to protect Plaintiff from an assault occurring across the street from their premises in a vacant parking lot neither owned nor operated nor controlled by Defendants, we hold Defendants were entitled to judgment as a matter of law, and, therefore, find no error by the Trial Court.

*Chowbay*, 2002 WL 1389604 at *4. Similarly, in *Finger v. James Gang Amusements*, No. E2004-00593-COA-R3-CV, 2005 WL 756231 at *2 (Tenn. Ct. App. Apr. 4, 2005), this Court held that a business owner has no duty to protect a patron from assault that occurs outside the business premises, even if the person committing the assault is an off-duty employee of the business.

Plaintiffs argue that the risk to them was foreseeable because Club Fathom specifically targeted at-risk urban youth, meaning that Defendants arguably knew or should have known that rival gang members would congregate, resulting in an unreasonable risk of violent behavior. Plaintiffs assert that Defendants' act of forcing patrons outside the event space, with knowledge that a potentially dangerous situation had been created, was the tortious act by which Plaintiffs were injured. Plaintiffs also assert that a duty should be imposed upon Defendants because the patrons they solicited were minors.

Plaintiffs rely upon the case of *Biscan v. Brown*, 160 S.W.3d 462, 467 (Tenn. 2004), wherein a homeowner invited minors into his home for his daughter's birthday and allowed them to consume alcohol. During the occasion, two party guests left in a vehicle. The intoxicated teen driver crashed, injuring the other guest. *Id.* The homeowner was held to have a duty to use ordinary care to control his underage guests and ensure their safety. *Id.* This duty was based, at least in part, on the fact that he was allowing the underage guests to consume alcohol in his home, which was against the public policy of the state prohibiting minors from consuming alcohol. *Id.* There is no such allegation in the instant action, however, as Plaintiffs admit that the event was designated as alcohol-free.

Further, the holding in *Biscan* was based not only upon the homeowner's duty to protect his underage guests, but also his duty to use ordinary care to control their actions in order to prevent harm to themselves and others. Therefore, *Biscan* focused on both the duty to protect the underage partygoer from harm and the duty to control the minors' behavior to prevent harm. *See Newton*, 970 S.W.2d at 492. There existed no duty in this case to control

the third-party tortfeasor's behavior as there was no special relationship shown between Defendants and the tortfeasor. There was no showing that Defendants maintained any relationship with the tortfeasor whatsoever or that Defendants contributed to the tortfeasor's actions in any manner. *See, e.g., West v. East Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005); *Lett v. Collis Foods, Inc.*, 60 S.W.3d 95, 103 (Tenn. Ct. App. 2001). Thus, in the case at bar, the only duty owed by these Defendants was to protect business patrons from harm, a duty which would exist while the patrons were on the business premises. *See Chowbay*, 2002 WL 1389604 at *4. Since it is undisputed that Plaintiffs were no longer on the business premises at the time of the tortious act, the trial court erred in determining that Defendants owed them a duty of care. We determine that summary judgment should have been granted to Defendants regarding Plaintiffs' negligence claims.

## V. Lease

The remaining issue is whether Plaintiffs were beneficiaries of the lease between the lessors, 412 Market Street Trust and Beverly B. Henry, as trustee for 412 Market Street Trust, and the lessees, Fathom, Inc. and Mr. Reid. Plaintiffs contend that Defendants 412 Market Street Trust and Ms. Henry as trustee were negligent in leasing the premises to Defendants Fathom, Inc. and Mr. Reid, due to their knowledge of the multiple altercations and crimes that had previously occurred at Club Fathom. Defendants argue that there is no causal connection between the lease and Plaintiffs' injuries. Defendants further assert that Plaintiffs were not parties to the lease nor third-party beneficiaries of it.

The trial court did not make a determination regarding this issue but certified the issue for interlocutory appeal. However, as this Court has previously stated:

> In an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court. *In re Estate of Boykin*, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, 'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .'") (quoting *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976)). To do otherwise would render the interlocutory appeal a request for an advisory opinion.

*Shaffer v. Memphis Airport Auth., Serv. Mgmt. Sys., Inc.*, No. W2012-00237-COA-R9-CV, 2013 WL 209309 at *4 (Tenn. Ct. App. Jan. 18, 2013). As the trial court did not rule on the lease issue, we must remand that issue to the trial court for a proper determination.

## VI.  Conclusion

For the reasons stated above, we reverse the judgment of the trial court.  We remand the case for entry of summary judgment regarding Plaintiffs' negligence claims and for a determination regarding the lease issue and collection of costs.  Costs on appeal are taxed to the appellees:  Jerterrius Marshawn Akridge; Thomas Lamar Armstrong; Demonya Marquel Battle a/k/a Demonta Battle, a minor, b/n/f and mother Yoniika Pointer; Raheem Blunt; and Juane Lontate Joseph.

_____
THOMAS R. FRIERSON, II, JUDGE