IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs July 2, 2018

## GREGORY EIDSON v. CITY OF PORTLAND, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 83CCI-2011-CV-1303  Joe Thompson, Judge**

———————————————————————

**No. M2017-01187-COA-R3-CV**

———————————————————————

Appellant filed a Rule 60 motion with the trial court while the matter was pending on appeal. The trial court denied the motion finding that it lacked jurisdiction to rule on the matter. Appellant appeals the denial of his Rule 60 motion. We affirm the trial court's determination that it lacked jurisdiction to rule on the motion at that time.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and RICHARD H. DINKINS, JJ., joined.

Gregory Eidson, Wartburg, Tennessee, Pro se.

Robert M. Burns, Patrick James Gray, and William Bryan Jakes, IV, Nashville, Tennessee, for the appellee, Nick Hurt.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

This is the latest of several appeals by the Appellant, Gregory Eidson, and for efficiency we incorporate the following relevant facts from our Opinion in a prior appeal of this case:

> This appeal arises out of a suit brought by Gregory Eidson against the City of Portland ("City"), Portland Police Chief Richard Smith, Portland Police Officer Chris Jones and [Officers Nick Hurt and Jason

Williams] (collectively "the Officers" unless otherwise noted) for the Officers' conduct during his arrest on October 23, 2010, when the Officers investigated a dispute at the home of Danny Suttle, Mr. Eidson's uncle. According to the unsworn police statements, the Officers found Mr. Suttle severely beaten and covered in gasoline, and determined that Mr. Eidson was responsible for Mr. Suttle's injuries; they proceeded to Mr. Edison's residence, questioned him regarding the altercation, and placed him under arrest. In the course of the arrest, Mr. Eidson was handcuffed and sprayed with mace. Mr. Eidson pled guilty to attempted second-degree homicide and aggravated assault on February 3, 2012.

Mr. Eidson, proceeding *pro se,* filed the instant suit on October 24, 2011, complaining of the manner by which he was arrested and alleging various federal and state constitutional, statutory, and common law claims. Separate answers were filed by the City, Chief Smith, Officer Jones, and [the Officers].

*Eidson v. City of Portland*, No. M2013-02256-COA-R3-CV, 2014 WL 7421171, at *1–2 (Tenn. Ct. App. Dec. 29, 2014).

After years of litigation, appeals, and remands, the trial court entered a final judgment on October 13, 2015, dismissing all of Mr. Eidson's remaining claims. Mr. Eidson filed a series of motions to set the judgment aside, and the trial court denied the last of these motions in its final judgment on October 6, 2016. Mr. Eidson appealed to this Court on January 6, 2017, and the appeal was assigned docket number M2017-00106-COA-R3-CV. Appellee, Nick Hurt, subsequently filed a motion with this Court to dismiss the appeal based on Mr. Eidson's failure to timely file a notice of appeal. On March 2, 2017, this Court dismissed Mr. Eidson's appeal, holding as follows:

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the final judgment. . . .

Even assuming the appellant's motions to set aside extended the time for filing a notice of appeal, those motions were all denied on or before October 6, 2016. Thus the time period for filing the notice of appeal began to run, at the absolute latest, on October 6, 2016. The appellant did not file his notice of appeal until January 6, 2017, well beyond the thirty day period required by Tenn. R. App. P. 4. . . .

It is, therefore, ordered that this appeal be dismissed.

On August 18, 2017, the Tennessee Supreme Court denied Mr. Eidson's application for

permission to appeal.

Rather than allow the appeal process to run its course, while appeal No. M2017-00106-COA-R3-CV was pending, Mr. Eidson also filed a motion with the trial court for relief from the judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. Therein, Mr. Eidson claimed that he never received a copy of the October 6, 2016 order that was signed by the judge and stamped as filed by the court. As a result, his notice of appeal (on appeal No. M2017-00106-COA-R3-CV) was untimely, he argued. On April 20, 2017, the trial court denied Mr. Eidson's Rule 60 motion, and we have set forth the entirety of the court's order below:

> A pleading titled "Motion for Relief from Judgment Entered 10/06/2016 Rule 60.01(1) Mistake, Surprise, or Excusable Neglect (2) Fraud" was received by this court on April 19, 2017. On March 2, 2017, the Court of Appeals entered an Order dismissing the Plaintiff's appeal; however, a mandate from the Court of Appeals has not yet been received by this court.[1] **Therefore, this court finds that jurisdiction over this matter remains with the Court of Appeals and this matter should be denied as improvidently filed.**

(Emphasis added.)

On May 17, 2017, while his original appeal of the trial court's final judgment was still pending, Mr. Eidson filed a notice of appeal on the above order of the trial court denying his Rule 60 motion. This appeal was assigned a separate docket number, No. M2017-01187-COA-R3-CV, and is the matter at hand for this Court to decide.[2]

## II. ISSUES PRESENTED

Mr. Eidson presents the following issues for review on appeal, which we have summarized and restated:

    1.    Was the October 6, 2016 dismissal in violation of Rule 58 of the Tennessee Rules of Civil Procedure?

---

[1] This Court subsequently issued a mandate back to the circuit court clerk on May 31, 2017.

[2] Mr. Eidson did attempt to consolidate the two appeals, but this Court denied that motion on June 27, 2017, because, by that time, appeal No. M2017-00106-COA-R3-CV was pending before the Tennessee Supreme Court on Mr. Eidson's Rule 11 application for permission to appeal.

2.      Did the defendants and defense counsel commit a fraud upon the court?

As the foregoing suggests, Mr. Eidson attempts to argue the merits of his Rule 60 motion on appeal.  However, "'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts.'"  *In re Estate of Boykin*, 295 S.W. 3d 632, 636 (Tenn. Ct. App. 2008) (quoting *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976)).  The sole issue decided by the trial court was whether it had jurisdiction over the Rule 60 motion while the matter was pending on appeal in this Court.  The trial court concluded that it did not have jurisdiction, and that determination is the only proper issue for review on appeal.

### III.      STANDARD OF REVIEW

Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *McCracken v. Brentwood United Methodist Church,* 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997).   The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief.   This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Id.* The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001).   Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

*Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 335 (Tenn. 2010).

## IV. DISCUSSION

As we stated above, the sole basis for the trial court's decision denying Mr. Eidson's Rule 60 motion was its lack of jurisdiction to hear the matter at the time the motion was filed. The law clearly supports this determination, as the mandate from the Court of Appeals had not yet been issued to the trial court and jurisdiction still rested with this Court. We have previously explained this concept in *Tindell v. West*:

> The issuance of our mandate transfers jurisdiction back to the trial court. We have observed the following principles involving "the allocation of jurisdiction between the trial and appellate courts in our hierarchical system," *First Amer. Trust Co. v. Franklin–Murray Dev. Co., L.P.,* 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001):
>
>> It should now be plain that once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court. Perfecting an appeal vests jurisdiction over the case in the appropriate appellate court. *State v. Pendergrass,* 937 S.W.2d 834, 837 (Tenn. 1996); *Suggs v. Suggs' Executors,* 1 Tenn. (1 Overt.) 2, 3 (1794); *Spann v. Abraham,* 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999). An appellate court retains jurisdiction over a case until its mandate returns the case to the trial court. *Raht v. Southern Ry. Co.,* 215 Tenn. 485, 498, 387 S.W.2d 781, 787 (1965) (holding that issuance of mandate by an appellate court reinvests the trial court with jurisdiction over a case); *Hall v. Pippin,* No. M2001–00387–COA–OT–CV, 2001 WL 196978, at *3 (Tenn. Ct. App. Feb. 28, 2001) (No Tenn. R. App. P. 11 application filed). These principles keep cases together during the appellate process and prevent undesirable consequences of permitting a case to be pending in more than one court at the same time. *Spence v. Allstate Ins. Co.,* 883 S.W.2d 586, 596 (Tenn. 1994).

*Tindell v. West*, No. E2012-01988-COA-R3-CV, 2013 WL 6181997, at *3 (Tenn. Ct. App. Nov. 25, 2013).

Despite the foregoing, Mr. Eidson did have a viable option to pursue the merits of his Rule 60 motion while the appeal was pending—he could have applied to the appellate court for an order remanding his appeal. *See Moore v. Teddleton*, No. W2005-02746-COA-R3-CV, 2006 WL 3199273, at *5 (Tenn. Ct. App. Nov. 7, 2006). Nothing in the record suggests that he made such an application, however, and we affirm the trial court's

decision that it lacked jurisdiction to hear the merits of Mr. Eidson's Rule 60 motion on April 20, 2017.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE