IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 11, 2020 Session

## RODNEY STAFFORD ET AL. v. CHRISTY M. LUCAS, A.P.N. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000816-17  Valerie L. Smith, Judge**
_____

### No. W2019-01438-COA-R3-CV
_____

The trial court dismissed this lawsuit for failure to timely serve the defendants after finding that it was "unaware of an exception to this rule or authority to expand the time for service." Prior to the hearing, however, the plaintiffs filed a motion for enlargement of time under Rule 6.02 of the Tennessee Rules of Civil Procedure. The trial court did not specifically address this motion. As such, the trial court's dismissal of the complaint is vacated, and this matter is remanded with instructions for the trial court to rule on plaintiffs' motion for an enlargement of time.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Louis P. Chiozza, Jr. and Christopher W. Lewis, Memphis, Tennessee, for the appellants, Rodney Stafford and Cindy Stafford.

Timothy G. Wehner and Brandon J. Stout, Memphis, Tennessee, for the appellee, Christy M. Lucas, A.P.N. and First Choice Urgent Care, LLC, a/k/a, d/b/a First Choice Care.

### MEMORANDUM OPINION[1]

### Background

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case

Plaintiffs/Appellants Rodney Stafford and Cindy Stafford ("Plaintiffs") sued Defendants/Appellees Christy M. Lucas, A.P.N. and First Choice Urgent Care, LLC, a/k/a/, d/b/a First Choice Care (collectively, "Defendants")[2] by filing a complaint on February 24, 2017. At that time, Plaintiffs caused summonses to be issued to Defendants. On July 21, 2017, the initial summonses were returned unserved. On September 5, 2017, Plaintiffs obtained alias summonses. The alias summonses were served ninety-two days later on December 6, 2017.

Defendants filed a notice of appearance on January 22, 2018, reserving defenses related to service of process and sufficiency of process. Defendants answered on February 7, 2018, pleading the service of process issue as a defense. Specifically, the answer contains the following:

> These Defendants assert insufficient process and insufficient service of process as a defense in this matter. . . . In this case, after their initial attempts at serving these Defen[dants] were unsuccessful, Plaintiffs had alias summonses issued on September 5, 2017. Plaintiffs, however, did not serve these Defendants until December 6, 2017. Thus, the process was ineffective to toll the statute of limitations as to these Defendants.

Plaintiffs thereafter took no action to correct the summons issue. Following the answer, Defendants propounded discovery on Plaintiffs.

More than a year following the filing of the complaint, on November 2, 2018, Defendants filed a motion to dismiss. Defendants argued that Plaintiffs could not rely on the original commencement of their action to toll the applicable statute of limitations because the alias summons was not served within ninety days of issuance, as required by Rule 3 of the Tennessee Rules of Civil Procedure.[3] Plaintiffs thereafter responded in opposition, arguing that they fully complied with the applicable procedural rules, that Defendants waived any service of process defense, and that Defendants should be estopped from raising the defense where they actively participated in the litigation.

---

[2] Other defendants were also named but later voluntarily dismissed. They are not at issue in this appeal.

[3] Rule 3 provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

A hearing on Defendants' motion was scheduled but continued by agreement. Thereafter, on April 5, 2019, Plaintiffs filed a motion for an extension of time to effect service. The motion specifically asked for an enlargement of time under Rule 6.02 of the Tennessee Rules of Civil Procedure. Defendants filed a response in opposition to the motion.

A hearing was eventually held on the pending motions on May 1, 2019. At the hearing, the trial court stated that she had read the parties' filings other than Defendants' response to the motion for an enlargement of time, which was provided to her late. During the hearing, counsel for Plaintiffs raised their request for an extension of time as an alternative argument. The trial court took the matter under advisement at the conclusion of the hearing.

On July 11, 2019, the trial court entered an order granting the motion to dismiss, finding that Plaintiffs violated Rules 3 and 4.03 of the Tennessee Rules of Civil Procedure[4] by failing to serve Defendants within ninety days of issuance of process and by failing to timely reissue process. The trial court ruled that Plaintiffs therefore could not rely on the filing of the complaint to toll the statute of limitations, which had now expired. Specifically, following a recitation of the procedural history of the case and the applicable rules of civil procedure, the order stated as follows:

> In the instant case, service was not made or returned within 90 days. This Court is unaware of an exception to this rule or authority to expand the time for service. This defense was raised in the Answer filed by the Defendants, yet no subsequent alias was issued in order to achieve proper service.
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the Defendants' Motion to Dismiss is hereby granted. This is a final order. Any matters not specifically ruled upon are hereby denied. Costs are taxed to the Plaintiff for which execution may levy.

Plaintiffs thereafter appealed to this Court.

## ISSUES PRESENTED

---

[4] The portion of Rule 4.03 cited by the trial court was as follows:

(1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Each party frame the issues differently in this case.[5] In our view, Defendants' issues are a better reflection of the issues presented in this case:

1. Whether the trial court properly granted Defendants' Motion to Dismiss where Plaintiffs served Defendants with summonses more than 90 days after issuance and failed to reissue process within one year of the prior issuance, as required to toll the running of the statute of limitations.

2. Whether the trial court properly held that Defendants had not waived and were not estopped from asserting the process defense, which Defendants raised in their responsive pleading.

3. Whether the trial court abused its discretion in denying Plaintiffs' motion for enlargement, where Plaintiffs were unable to satisfy the excusable-neglect standard.

## DISCUSSION

As noted above, there are three issues in this case, involving the proper interpretation of the Tennessee Rules of Civil Procedure as applied to Plaintiffs' efforts at service, whether Defendants waived their defense in some way, and whether a motion for enlargement of time should have been granted. Because we conclude that the trial court's failure to properly consider Plaintiffs' motion for an enlargement of time must be corrected, we begin at the end.

A very brief recitation of the procedural history of this case is helpful. Following the filing of Defendants' motion to dismiss, Plaintiffs filed a motion specifically seeking an enlargement of time to effect service. The trial court eventually granted Defendants' motion to dismiss, stating that it was not aware of any basis for expanding the time for

---

[5] Plaintiff specifically raises the following issues:

I. Whether the Trial Court erred in granting Defendants' Motion to Dismiss, where the Court found that Plaintiffs had not tolled the statute of limitations by undisputedly filing their complaint and commenced their action timely when they filed their lawsuit on February 24, 2017 and issued summonses to these two Defendants with their complaint on February 24, 2017, returned the original two summonses not to be found on August 1, 2017, caused alias summonses to be issued to these two Defendants on September 5, 2017, which were undisputedly issued within one year of the original summonses which were issued on February 24, 2017, when pursuant to the plain terms of [] Rule 3 the Plaintiffs could rely on the above actions to toll the statute of limitations as of February 24, 2017.

II. Whether the Trial Court erred in granting Defendants' Motion to Dismiss, finding that waiver, estoppel or excusable neglect, were not available to Plaintiffs, under the facts of this case warranted denial of Defendants' Motion to Dismiss.

service. The trial court further ruled that all motions that were not specifically addressed were denied.

Despite the trial court's statement that it was "unaware" of any basis for expanding the time for service, the trial court had pending before it a motion for an enlargement of time that specifically cited Rule 6.02 of the Tennessee Rules of Civil Procedure. Rule 6.02 provides that

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50.02, 59.01, 59.03 or 59.04, except to the extent and under the conditions stated in those rules. This subsection shall not apply to the time provided in Tennessee Rule of Appellate Procedure 4(a) for filing a notice of appeal, nor to the time provided in Tennessee Rule of Appellate Procedure 24(b) & (c) for filing a transcript or statement of evidence.

Thus, Rule 6.02 expressly contemplates that a motion may be filed requesting an enlargement of time even "after the expiration of the specified period" for which the act was permitted to be done, if the failure to act was the result of excusable neglect. *See also* Tenn. R. Civ. P. 6.02 cmt. ("Extension is to be allowed, even after expiration of the original period or any previous extension thereof, where the failure to take timely action was due to excusable neglect."); *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 550 (Tenn. 2006) (holding that the party seeking an enlargement following the expiration of the applicable time period must "show that its failure was due to excusable neglect and that the opposing party has not been prejudiced").

Service of a summons is governed by Rules 3 and 4 of the Tennessee Rules of Civil Procedure. *See generally* Tenn. R. Civ. P. 3 ("If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint."); Tenn. R. Civ. P. 4.01–4.04 (providing detailed rules governing summonses). Neither rule is expressly excluded from the ambit of Rule 6.02 by its plain language. As such, this Court has repeatedly applied Rule 6.02 in the context of issuance and service of summonses. *See, e.g.*, *Edwards v. Herman*, No. E2017-01206-COA-R9-CV, 2018 WL 2231090, at *9 (Tenn. Ct. App. May 16, 2018) ("[W]e affirm the trial court's

utilization of Tennessee Rule of Civil Procedure 6.02 as a method of enlarging the timeframe for issuance and service of process, pursuant to Tennessee Rule of Civil Procedure 3, when the complaint was timely filed and when excusable neglect can be demonstrated."); *see also, e.g.*, **Cored, LLC v. Steve Hatcher et al.**, No. M2020-00083-COA-R3-CV, 2020 WL 5944067, at *10 (Tenn. Ct. App. Oct. 6, 2020) (applying Rule 6.02 to this issue, but affirming the trial court's denial of the motion); **Webster v. Isaacs**, No. M2018-02066-COA-R3-CV, 2019 WL 3946093, at *4 (Tenn. Ct. App. Aug. 21, 2019) (same); **Maness v. Garbes**, No. M2008-00797-COA-R3-CV, 2009 WL 837707, at *3 (Tenn. Ct. App. Mar. 26, 2009) (same); **Ross v. Shelby Cty. Healthcare Corp.**, No. W2000-01553-COA-R3-CV, 2001 WL 1078266, at *3 (Tenn. Ct. App. Sept. 10, 2001) (same).

Tennessee courts utilize a four-part test to determine whether an enlargement of time should be granted on the basis of excusable neglect. **Williams**, 193 S.W.3d at 551. These factors are: "(1) the risk of prejudice to parties opposing the late filing, (2) the delay and its potential impact on proceedings, (3) the reasons why the filings were late and whether the reasons were within the filer's reasonable control, and (4) the good or bad faith of the filer." *Id.* A trial court's decision to grant or deny a motion for enlargement of time is reviewed for an abuse of discretion. *Id.* When a trial court fails to make sufficient findings as to the above factors, however, the appropriate remedy is to vacate and remand to the trial court for reconsideration. *See Edwards*, 2018 WL 2231090, at *8 ("Because the trial court failed to make the requisite findings regarding the relevant circumstances and failed to weigh those circumstances both with and against each other, we hereby vacate the court's determination of excusable neglect and remand for further proceedings on this issue.").

In this case, the trial court did not just fail to make sufficient findings when ruling on Plaintiffs' motion for an enlargement of time, it apparently failed to consider the motion in any manner. Indeed, the trial court, in stating that it was unaware of authority to extend the time for service of process, appears to have completely disregarded Plaintiff's motion and the cited provision of the Tennessee Rules of Civil Procedure. Respectfully, this practice was in error.

Defendants do not dispute that Rule 6.02 is an appropriate method of obtaining an enlargement of time in this circumstance. Moreover, Defendants admit that this issue was properly presented, briefed, and argued to the trial court. Rather, they essentially argue that this Court should independently evaluate Plaintiff's motion and determine that no excusable neglect was shown and that they would be unfairly prejudiced if the motion were granted. We respectfully decline Defendants' invitation. Discretionary decisions are to be addressed in the first instance by the trial court. *See St. John-Parker v. Parker*, No. E2018-01536-COA-R3-CV, 2020 WL 1491371, at *19 (Tenn. Ct. App. Mar. 27, 2020) ("Given the trial court's discretion, these arguments should be considered by the trial court in the first instance."); *cf.* **In re Connor S.L.**, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) (stating that this Court needs appropriate

findings by the trial court to evaluate discretionary decisions, otherwise the appellate court is "unable to afford appropriate deference to the trial court's decision"). We therefore often decline to address issues that have not been first ruled on by the trial court. *See **Dorrier v. Dark***, 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . ."); ***Johnson v. Rutherford Cty.***, No. M2017-00618-COA-R3-CV, 2018 WL 369774, at *9 (Tenn. Ct. App. Jan. 11, 2018) (citing ***Dorrier***, 537 S.W.2d at 890) ("[T]he trial court did not rule on [the] motion for summary judgment; therefore, this Court could not address it in the first instance."); ***Mid-S. Maint. Inc. v. Paychex Inc.***, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *14 (Tenn. Ct. App. Aug. 14, 2015) ("Generally, when the trial court fails to address an issue in the first instance, this Court will not consider the issue, but will instead remand for the trial court to make a determination in the first instance."); ***In re Estate of Boykin***, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) (quoting ***Dorrier***, 537 S.W.2d at 890) ("At the appellate level, 'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]'"). We therefore decline to determine whether Plaintiff's Rule 6.02 motion should have been granted without the benefit of the trial court first specifically ruling on this request.

We concede that other issues were raised in this case, including questions as to whether the time for effecting service had actually elapsed and whether Defendants are permitted to rely on their service of process defense. Like Plaintiff's motion for an enlargement of time, however, the trial court's written order contains no specific rulings with regard to Plaintiffs' waiver and estoppel arguments. As such, we would also be disinclined to address these issues in the absence of some indication that they were actually considered and decided by the trial court. *See, e.g.*, ***Mid-S. Maint. Inc.***, 2015 WL 4880855, at *14. Moreover, if the trial court exercises its discretion to grant Plaintiffs' motion for an enlargement of time, these issues would be rendered moot, as Plaintiffs' claim can proceed even where Defendants' arguments as to the remaining issues are correct. As such, in the face of the trial court's failure to adjudicate Plaintiffs' motion for an enlargement of time, we decline to address these issues. *Cf.* ***Island Properties Assocs. v. Reaves Firm, Inc.***, 413 S.W.3d 392, 402 (Tenn. Ct. App. 2013) (stating that the court will not rule on issues that may be rendered moot); ***Bellanti v. City of Memphis***, No. W2011-01917-COA-R3-CV, 2012 WL 1974220, at *6 (Tenn. Ct. App. June 4, 2012) ("[B]ecause the amendment issue may be outcome determinative, we decline to now consider other issues raised by the city[.]"); ***Gibson v. State***, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998) ("[I]f the appellant's Rule 11 application for permission to appeal from his original conviction is granted and the ultimate holding by the supreme court is favorable to the appellant, this court's time has been wasted on an appellate issue which is rendered moot."). The trial court's decision to dismiss Plaintiffs' lawsuit for failure to timely serve Defendants and the resulting expiration of the statute of limitations is therefore vacated, and this matter is remanded to

the trial court to specifically rule on Plaintiffs' motion for an enlargement of time.[6]

## CONCLUSION

The judgment of the Shelby County Circuit Court is vacated, and this cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellees, for which execution may issue if necessary.


s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[6] Findings on Plaintiffs' waiver and estoppel arguments would also be helpful should this case result in a second appeal.