IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2010 Session

# B & B ENTERPRISES OF WILSON COUNTY, LLC ET AL. v. CITY OF LEBANON ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section
Circuit Court for Wilson County
No. 14108      John D. Wootten, Jr., Judge**

_____

**No. M2008-00572-SC-R11-CV - Filed August 31, 2010**

_____

This appeal involves the application of the one-year statute of limitations in Tenn. Code Ann. § 29-16-124 (2000) to a temporary regulatory taking claim. The developer of a residential subdivision in Wilson County filed suit in the Circuit Court for Wilson County against the City of Lebanon and others alleging that the city's planning commission had denied it all economically beneficial use of its property by wrongfully refusing to approve the final plans for two phases of its subdivision. The City moved for a summary judgment on the ground that the statute of limitations in Tenn. Code Ann. § 29-16-124 had expired before the developer filed suit. The developer responded that the limitations period was tolled while it sought judicial review of the planning commission's decision. The trial court held that the developer's lawsuit was timely because the statute of limitations did not begin to run until the entry of the Court of Appeals' opinion invalidating the planning commission's action. Both the trial court and the Court of Appeals granted the City's application for an interlocutory appeal in accordance with Tenn. R. App. P. 9. The Court of Appeals thereafter reversed the trial court and determined that the developer's lawsuit was not timely because the statute of limitations began to run when the planning commission declined to approve the final subdivision plans. *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, No. M2008-00572-COA-R9-CV, 2009 WL 130188 (Tenn. Ct. App. Jan. 14, 2009). We granted the developer's application for permission to appeal and now affirm the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals
Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, GARY R. WADE, and SHARON G. LEE, JJ., joined.

G. Frank Lannom and Melanie R. Bean, Lebanon, Tennessee, for the appellants, B & B Enterprises of Wilson County, LLC and Hal Bone d/b/a Hal Bone Enterprises.

Derrick C. Smith, Nashville, Tennessee, for the appellees, City of Lebanon, City of Lebanon Planning Commission, Patsy Anderson, Ronnie Kelley, David Cook, Don Fox, Claude Wilson, Joe Holbrook, Nick Locke, Jan Mangrum, Joe Hayes, and Johnnie Peyton.

## OPINION[1]

### I.

In 1998, John Hill began to develop the Chaparral Subdivision on property located in the City of Lebanon. Even though the project complied with all applicable land use requirements, the City of Lebanon Planning Commission ("Planning Commission") declined to approve the subdivision because of opposition by neighboring property owners. Mr. Hill sought judicial review of the Planning Commission's decision in the Chancery Court for Wilson County. The Chancery Court found that the Planning Commission had acted arbitrarily and capriciously.

Following his victory in the trial court, Mr. Hill redesigned the project in an effort to address the neighbors' objections. He purchased additional property and developed a plan to construct 106 homes on approximately 35 acres in three phases. Phase One involved the construction of homes on 34 lots on approximately 10 acres. The Planning Commission's staff recommended approval of the subdivision plan and the plan for Phase One, conditioned on several minor technical corrections. On July 24, 2001, the Planning Commission approved the revised preliminary plat for the entire subdivision and the final plat for Phase One, subject to the staff recommendations.

---

[1]Some of the facts contained in this opinion have been gleaned from prior proceedings in this case and related cases. *See B & B Enters. of Wilson Cnty., LLC, v. City of Lebanon*, No. M2003-00267-COA-R3-CV, 2004 WL 2916141 (Tenn. Ct. App. Dec. 16, 2004) (No Tenn. R. App. P. 11 application filed); *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, No. M2006-02464-COA-R9-CV, 2007 WL 1062216 (Tenn. Ct. App. Apr. 9, 2007) (No Tenn. R. App. P. 11 application filed). Because we are permitted to take judicial notice of the facts from earlier proceedings in the same action and from prior proceedings, *State v. Lawson*, 291 S.W.3d 864, 869-70 (Tenn. 2009), we have included facts from the earlier proceedings to provide a clearer understanding of the context in which this case arose.

Mr. Hill sold the development to B & B Enterprises of Wilson County, LLC and Hal Bone.[2] In 2002, B & B Enterprises submitted the final plats for Phases Two and Three of the subdivision to the Planning Commission for approval. The Planning Commission's staff recommended approval of these plats "with corrections." However, neighboring property owners continued to object to the development because they believed that it was not compatible with the surrounding neighborhood, that it would increase traffic, and that it would lower their property values. On January 22, 2002, the Planning Commission declined to approve the plans for Phases Two and Three. B & B Enterprises brought the project back to the Planning Commission on February 26, 2002, and the Planning Commission again declined to approve the plans for Phases Two and Three despite its staff's conclusion that these plats met all applicable requirements.

B & B Enterprises, like Mr. Hill, sought judicial review of the Planning Commission's decision in the Chancery Court for Wilson County. The Chancery Court held that the Planning Commission had acted arbitrarily and capriciously when it declined to approve the plans for Phases Two and Three. The Planning Commission appealed to the Court of Appeals. In its December 16, 2004 opinion, the Court of Appeals held that "because the planning commission has no legal or factual basis for declining to approve Phases Two and Three, it has no option other than to follow the law and approve these plats." *B & B Enters. of Wilson Cnty. v. City of Lebanon*, 2004 WL 2916141, at *7. The appellate court remanded the case to the Chancery Court for proceedings consistent with its opinion.

On December 2, 2005, B & B Enterprises initiated a two-pronged attack against the City of Lebanon, the Planning Commission, and the individual members of the Planning Commission.[3] First, it filed a complaint in the Circuit Court for Wilson County seeking monetary damages from the City of Lebanon defendants based on claims of regulatory taking and violation of civil rights. Second, it filed a motion in the Chancery Court for Wilson County to amend its original petition for writ of common-law certiorari to add regulatory taking and violation of civil rights claims.[4] The City of Lebanon defendants removed the Circuit Court action to the United States District Court for the Middle District of Tennessee.

_____

[2] These parties will be referred to collectively as "B & B Enterprises."

[3] These defendants will be referred to collectively as "City of Lebanon defendants."

[4] This appeal does not involve the later proceedings in the Chancery Court. After the Chancery Court permitted B & B Enterprises to amend its petition, the Court of Appeals granted an interlocutory appeal, vacated the trial court's order, and remanded the case with instructions to deny the motion to amend because claims for judicial review of decisions of government bodies cannot be combined with claims for damages. *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 2007 WL 1062216, at *2.

However, the District Court remanded the case to the Circuit Court after B & B Enterprises voluntarily dismissed its civil rights claim.

Finding itself back in state court, the City of Lebanon defendants moved for a summary judgment on the ground that the condemnation claim was barred by the one year statute of limitations contained in Tenn. Code Ann. § 29-16-124 (2000) because the suit had not been filed within one year of the Planning Commission's February 26, 2002 denial of the plans for Phases Two and Three. B & B Enterprises responded that the Planning Commission's action should not be considered final for statute of limitations purposes until December 16, 2004, the date that the Court of Appeals filed its decision reversing the Planning Commission's decision.

On October 24, 2007, the Circuit Court denied the City of Lebanon defendants' motion for summary judgment, holding that "the appropriate triggering event to commence the statute of limitations is the [December 16, 2004] filing . . . of the Court of Appeals decision." The City of Lebanon defendants sought, and were granted, permission to seek interlocutory appeal. The Court of Appeals reversed the Circuit Court after concluding that "the statute of limitations was triggered, at the latest, when the plaintiffs' writ of certiorari action was filed, which was April 12, 2002." *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, No. M2008-00572-COA-R9-CV, 2009 WL 130188, at *3 (Tenn. Ct. App. Jan. 14, 2009). We granted B & B Enterprises's Tenn. R. App. P. 11 application for permission to appeal to address the issue of first impression regarding when the statute of limitations begins to run in cases of this sort.

## II.

The standards by which appellate courts customarily review decisions to grant or deny motions for summary judgment are well-known by the bench and bar. Summary judgments are appropriate in virtually every civil case that can be resolved on the basis of legal issues alone. *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009); *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). They are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Accordingly, a summary judgment is appropriate only when the undisputed facts, and the inferences in the non-moving party's favor reasonably drawn from these facts, require granting a judgment as a matter of law to the party seeking the summary judgment. *Eskin v. Bartee*, 262 S.W.3d 727, 732 (Tenn. 2008); *Griffis v. Davidson Cnty. Metro. Gov't*, 164 S.W.3d 267, 283-84 (Tenn. 2005); *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

Orders granting a summary judgment are not entitled to a presumption of correctness on appeal. *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 226 (Tenn. 2010); *Maggart*

*v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008). Thus, appellate courts reviewing an order granting a summary judgment must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Eskin v. Bartee*, 262 S.W.3d at 732; *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004). The reviewing court must consider the evidence in the light most favorable to the non-moving party and must resolve all reasonable inferences in the non-moving party's favor. *Mills v. CSX Transp., Inc.*, 300 S.W.3d 627, 632 (Tenn. 2009); *Green v. Green*, 293 S.W.3d at 514. There are no genuine disputes of material fact in this case, and, therefore, the issues presented to this Court may be decided as a matter of law.

## III.

Before addressing the substantive question regarding the application of the statute of limitations, we turn our attention to B & B Enterprises's cause of action. B & B Enterprises is seeking to recover monetary damages based on the allegedly illegal manner in which the City of Lebanon defendants administered the city's land use planning ordinances and rules. In common parlance, B & B Enterprises is asserting a "regulatory taking" claim.[5] More specifically, B & B Enterprises is asserting a temporary regulatory taking claim because it is not alleging that the City of Lebanon defendants permanently deprived it of all beneficial use of its property.

Temporary regulatory takings claims based on the Takings Clause of the Fifth Amendment to the United States Constitution are governed by the principles set out in *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123-28 (1978). *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 334-36 (2002). However, this Court has not yet held that a regulatory takings claim can be asserted under Article I, Section 21 of the Tennessee Constitution. Currently, we have recognized only two types of takings claims – physical occupation takings claims and nuisance-type takings claims. *Edwards v. Hallsdale-Powell Util. Dist.*, 115 S.W.3d 461, 465 (Tenn. 2003); *Jackson v. Metro. Knoxville Airport Auth.*, 922 S.W.2d 860, 862 (Tenn. 1996). Regulatory takings do not fall into either of these categories. *Consol. Waste Sys., LLC v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2002-02582-COA-R3-CV, 2005 WL 1541860, at *12 (Tenn. Ct. App. June 30, 2005)

---

[5]A regulatory taking results when a governmental regulation places such a burdensome restriction on a landowner's use of its property that the government has for all intents and purposes "taken" the property. In 1922, a near unanimous United States Supreme Court noted that a regulation that goes "too far" is a taking of property, presumably as much as a physical taking or invasion of property is a taking. *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415-16 (1922); *see also* 11 Eugene McQuillan, *Law of Municipal Corporations* § 32.31, at 582-86 (3d ed. rev. vol. 2010); David L. Callies, *Takings: An Introduction and Overview*, 24 U. Haw. L. Rev. 441, 443 (2002).

(No Tenn. R. App. P. 11 application filed).[6]  Because of its procedural posture, this case is not the proper vehicle for deciding the existence or scope of a regulatory takings claim under Article I, Section 21.  For the purpose of this opinion, it will be sufficient to presume that Article I, Section 21 is broad enough to include regulatory takings claims.

## IV.

The applicable statute of limitations for a temporary regulatory taking claim  would be the statute of limitations found in Tenn. Code Ann. § 29-16-124 (2000).  This statute provides:

> The owners of land shall, in such cases, commence proceedings within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.

Even though this statute is couched in terms of physical takings, it applies equally to all takings claims.  *STS/BAC Joint Venture v. City of Mt. Juliet*, No. M2003-00171-COA-R3-CV, 2004 WL 2752809, at *8 (Tenn. Ct. App. Dec. 1, 2004), *perm. app. dismissed* (Tenn. Apr. 29, 2005).

For the purposes of Tenn. Code Ann. § 29-16-124, a "taking" occurs when the "injury to . . . property . . . reasonably appears . . . to be a permanent injury rather than a temporary one."  *Knox Cnty. v. Moncier*, 224 Tenn. 361, 367, 455 S.W.2d 153, 156 (1970). Landowners must be vigilant and must file their suit within one year after they know or reasonably should have known that a taking has occurred.  *Osborne Enters., Inc. v. City of Chattanooga*, 561 S.W.2d 160, 166 (Tenn. Ct. App. 1977).  In the context of a claim such as the one B & B Enterprises has asserted in this case, the Court of Appeals has held that "the triggering event [for the running of the statute of limitations] . . . is the date the landowner knew that the government was depriving it of the economic use of its property."  *STS/BAC Joint Venture v. City of Mt. Juliet*, 2004 WL 2752809, at *9.

---

[6]Inverse condemnation claims are likewise limited to physical takings.  The chief difference between a condemnation claim and an inverse condemnation claim is that the former is initiated by a government entity while the latter is initiated by the landowner.  *See* Tenn. Code Ann. § 29-20-105 (2000).

Courts confronted with a defense predicated on the running of the statute of limitations in Tenn. Code Ann. § 29-16-124 must look to the "facts in the particular case under consideration" to determine when the statute of limitations began to run. *Knox Cnty. v. Moncier*, 224 Tenn. at 367, 455 S.W.2d at 156. In this case, it is undisputed that B & B Enterprises knew on February 26, 2002, that the Planning Commission had declined for the second time to approve the plans for Phases Two and Three of the Chapparal Subdivision. This unequivocal action by the Planning Commission plainly put B & B Enterprises on notice that the actions of the City of Lebanon defendants had frustrated its reasonable, investment-backed expectations regarding the development of this subdivision.

B & B Enterprises does not dispute that it had actual notice of the Planning Commission's February 26, 2002 refusal to approve its plans for Phases Two and Three. However, it insists that the Planning Commission's action should not be considered "permanent" or "complete" for the purpose of Tenn. Code Ann. § 29-16-124 because it sought judicial review of the Planning Commission's decision. Instead, it insists that the action became complete on December 16, 2004, when the Court of Appeals filed its opinion affirming the trial court's conclusion that the Planning Commission had acted arbitrarily and capriciously.

We disagree that B & B Enterprises's decision to pursue judicial review of the Planning Commission's February 26, 2002 decision did not prevent the Planning Commission's action from being "permanent" or "final" for the purpose of Tenn. Code Ann. § 29-16-124. The focus here is on the actions of the Planning Commission, not the subsequent actions of the courts which would have been unknown in February 2002. The United States Supreme Court made this precise point when it held that "[a] final decision by the responsible state agency informs the constitutional determination whether a regulation has deprived a landowner of 'all economically beneficial use' of the property, or defeated the reasonable investment-backed expectations of the landowner to the extent that a taking has occurred . . . ." *Palazzolo v. Rhode Island*, 533 U.S. 606, 618 (2001) (citations omitted).

We agree with the United States Supreme Court. The Planning Commission's action on February 26, 2002, put B & B Enterprises on notice that its reasonable investment-backed expectations for the use of its property had been frustrated. Regardless of the eventual outcome of the judicial proceedings, the Planning Commission began interfering with B & B Enterprises's economically beneficial use of its property by no later than February 26, 2002. While the duration of the judicial proceedings might later be relevant to determining the length of time that B & B Enterprises was denied the use of its property, it is not relevant to determining when B & B Enterprises was put on notice that a taking had occurred. Therefore, we hold that Tenn. Code Ann. § 29-16-124's one-year statute of limitations on B & B Enterprises's claim began to run on February 26, 2002.

**V.**

B & B Enterprises argues that even if the statute of limitations in Tenn. Code Ann. § 29-16-124 began to run on February 26, 2002, considerations of public policy favor tolling the statute of limitations under the facts of this case because it pursued judicial review of the Planning Commission's decision in a timely manner. Specifically, it falls back on the doctrines of exhaustion of remedies, ripeness, and equitable tolling. We have concluded that these doctrines provide no comfort to B & B Enterprises.

**A.**

The courts fashioned the jurisprudential "exhaustion of administrative remedies" doctrine in deference to administrative agencies. This doctrine, which prompts courts to stay their hand until an administrative proceeding is completed, *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 235 (Tenn. 2010), reflects the courts' acknowledgment that administrative agencies have special expertise with regard to the subject matter of the proceedings before them. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 839 (Tenn. 2008); *Southern Ry. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984); *Martin v. Sizemore*, 78 S.W.3d 249, 269 (Tenn. Ct. App. 2001). Accordingly, in most circumstances, the courts deem it appropriate to permit administrative agencies to develop their final position with regard to the matters before them prior to undertaking to review the agency's decision. By doing so, the courts not only demonstrate their respect for the administrative process, they also assure the existence of a complete administrative record should judicial review of the agency's decision be sought. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d at 838-39.

The exhaustion doctrine has no application to this case because the actions of the administrative agency – here the Planning Commission – were completed on February 26, 2002. No further deference to the agency was required after that time. The administrative proceedings ended on February 26, 2002, and the judicial proceedings began when B & B Enterprises filed its petition for common-law writ of certiorari. The judicial proceedings were not simply a continuation of the administrative proceedings. Their purpose was to determine, based on the completed record of the proceedings before the Planning Commission, whether the Planning Commission had exceeded its jurisdiction or had acted illegally, fraudulently, or arbitrarily. *Hoover Motor Exp. Co. v. R.R. & Pub. Utils. Comm'n*, 195 Tenn. 593, 604, 261 S.W.2d 233, 238 (1953); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

The doctrine favoring the "exhaustion of administrative remedies" prior to the commencement of judicial proceedings is intended to promote the completion of

administrative proceedings. It has no application, and the interests it promotes are not furthered, but employing it as a tolling device to prevent the application of a statute of limitations. Because the Planning Commission's proceedings were plainly completed on February 26, 2002, the doctrine cannot save B & B Enterprises from the running of the statute of limitations in this case.

**B.**

B & B Enterprises next argues that the statute of limitations in Tenn. Code Ann. § 29-16-124 should be tolled because its takings claim was not ripe. It insists that its claim did not become ripe until the Court of Appeals filed its opinion on December 16, 2004, because the full extent of its damages could not have been ascertained until that time.

Doctrines such as ripeness assist the courts in determining whether a particular case presents a justiciable legal issue. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009). The ripeness doctrine focuses on whether the dispute has matured to the point that it warrants a judicial decision. The central concern of the ripeness doctrine is whether the case involves uncertain or contingent future events that may or may not occur as anticipated or, indeed, may not occur at all. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 479-80 (1990). It is closely related to the "exhaustion of administrative remedies" doctrine. 13B Charles A. Wright et al., *Federal Practice and Procedure* § 3532.1.1 (3d ed. 2008).

Determining whether a particular dispute is ripe entails a two-part inquiry. The first question is whether the issues in the case are ones appropriate for judicial resolution. The second question is whether the court's refusal to act will cause hardship to the parties. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *partially superseded by statute*, Clean Air Amendments of 1970, Pub. L. No. 91-604, 84 Stat. 1676 (codified as amended at 42 U.S.C.S. § 7607 (1997 & 2010 Supp.)); *accord Martin v. Washmaster Auto Ctr., Inc.*, No. 01-A-01-9305-CV00224, 1993 WL 241315, at *2 (Tenn. Ct. App. July 2, 1993) (No Tenn. R. App. P. application filed). The court will decline to act "where there is no need for the court to act or where the refusal to act will not prevent the parties from raising the issue at a more appropriate time." *AmSouth Erectors, LLC v. Skaggs Iron Works, Inc.*, No. W2002-01944-COA-R3-CV, 2003 WL 21878540, at *6 (Tenn. Ct. App. Aug. 5, 2003) (No Tenn. R. App. P. 11 application filed) (quoting *Window Gallery of Knoxville v. Davis*, No. 03A01-9906-CH-00225, 1999 WL 1068730, at *3 (Tenn. Ct. App. Nov. 4, 1999) (No Tenn. R. App. P. application filed)) (emphasis omitted).

This dispute became ripe on February 26, 2002. On that date, B & B Enterprises knew that the Planning Commission had interfered with its reasonable investment-backed

expected use of Phases Two and Three of the Chapparal Subdivision. It also knew that it started to incur economic damages. Thus, by February 26, 2002, B & B Enterprises was aware of (1) the occurrence of an allegedly wrongful act, (2) the identity of the actor who had committed the allegedly wrongful act, and (3) the fact that it had been damaged by the alleged wrongful act.

In other contexts, it has become axiomatic that a statute of limitations is not tolled until the injured party knows the full extent of its damages. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Wyatt v. A-Best Co.*, 910 S.W.2d 851, 855 (Tenn. 1995). The same rule applies in this case. Adopting the interpretation of the ripeness doctrine advocated by B & B Enterprises would frustrate the purpose of the statute of limitations which is to ensure fairness and justice by preventing undue delay in filing lawsuits. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 32-33 (Tenn. 2007); *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). B & B Enterprises had a justiciable claim on February 26, 2002 and was privy to all the information needed to pursue that claim. Accordingly, from and after February 26, 2002, a concrete enough controversy existed between B & B Enterprises and the City of Lebanon defendants to obviate the application of the ripeness doctrine.

## C.

Finally, B & B Enterprises argues that equitable estoppel should toll the statute of limitations. Equitable estoppel only applies where "the opposing party ha[s] engaged in misconduct." *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995). This misconduct consists of "attempting to gain an unfair advantage by maintaining inconsistent legal positions." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 315 (Tenn. 2009). In other words, the party to be estopped must have engaged in:

> (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; [and] (3) Knowledge, actual or constructive[,] of the real facts.

*Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d at 315-16 (quoting *Werne v. Sanderson*, 954 S.W.2d 742, 745 (Tenn. Ct. App. 1997)).

The fact that the Planning Commission may have acted arbitrarily or capriciously when it declined to approve the plats for Phases Two and Three of the Chapparal Subdivision is not the sort of "misconduct" that triggers the application of equitable estoppel. This record lacks any evidence that the City of Lebanon defendants ever misled B & B Enterprises or took inconsistent legal positions during the course of either the administrative or judicial proceedings. Accordingly, we find no factual basis sufficient to trigger the application of the doctrine of equitable estoppel in this case.

## VI.

In summary, we find that B & B Enterprises's claim against the City of Lebanon defendants accrued on February 26, 2002. We also find that, in the absence of the appropriate application of any tolling doctrines, the statute of limitations applicable to B & B Enterprises's takings claim, Tenn. Code Ann. § 29-16-124, expired in February 2003 and, therefore, that B & B Enterprises's complaint filed on December 2, 2005 was not timely as a matter of law. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court with directions to enter an order dismissing B & B Enterprises's complaint. We tax the costs of this appeal, jointly and severally, to B & B Enterprises of Wilson County, LLC and Hal Bone for which execution, if necessary, may issue.


_____
WILLIAM C. KOCH, JR., JUSTICE