IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2015 Session


## MARTHA CARTER v. DAVID CARTER

**Appeal from the Circuit Court for Davidson County**
**No. 05D849     Amanda Jane McClendon, Judge**

_____

**No. M2014-02457-COA-R3-CV – Filed November 18, 2015**
_____


Father filed a petition to reduce child support. Mother sought to have their almost eighteen-year-old daughter testify that she did not intend to exercise visitation with Father to the extent previously ordered by the court after she turned eighteen. The court refused to let her testify. The trial court used the number of days of parenting time previously ordered in calculating child support instead of zero. The trial court also ordered Mother to pay a portion of Father's attorney's fees. Mother appeals these issues. We affirm the trial court as to the testimony of the child and the calculation of child support. We reverse the trial court's award of attorney's fees.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Tyree B. Harris, IV, and Katherine A. Brown, Nashville, Tennessee, for the appellant, Martha Carter.

James H. Drescher, Brentwood, Tennessee, for the appellee, David Carter.

### OPINION

This proceeding is the latest in a series of post-divorce disputes between Martha

Elaine Weaver Carter ("Mother") and David Ray Carter ("Father").[1] One daughter was born of the marriage. This dispute arises from Father's petition to modify child support filed on April 9, 2013, alleging a decrease in his income. He also sought relief from a requirement to pay $150 in "additional support" for the daughter's "extracurricular expenses." The trial court held a hearing on Father's petition in July 2014, two weeks before the child's eighteenth birthday.[2]

At the hearing, Mother sought to have the child testify regarding her intent to reduce her visitation with Father once she turned eighteen. The trial court disallowed the testimony. On September 5, 2014, the trial court entered an order finding a "significant variance between the amount of monthly support being paid and the amount due as set forth by the Tennessee Child Support Guidelines." The trial court modified Father's support obligation to $1,044 per month retroactive to the date Father filed the petition. The retroactive modification resulted in a judgment against Mother for $8,336. The court declined to eliminate Father's $150 monthly payment of "additional support." The court rejected Mother's argument that the child's preference to spend zero days per month with her Father following her eighteenth birthday should be factored into the child support calculation. Rather, the court used the number of days of parenting time in the parenting plan. Finally, the court required Mother to pay $10,000 of Father's legal fees and expenses.

Mother filed a motion to alter or amend, arguing that Father's child support obligation should be recalculated using zero days of parenting time with Father based on the visitation the child would have testified that she intended to exercise with Father after turning eighteen, and that the attorney fee award should be reconsidered in light of the court indicating that "all of her actions relative to the pending matter were both reasonable and appropriate." Mother's motion was denied, and Mother appealed.

ANALYSIS

"The admission or exclusion of evidence is within the sound discretion of the trial court." *Estate of Brock ex rel. Yadon v. Rist*, 63 S.W.3d 729, 731 (Tenn. Ct. App. 2001). While an abuse of discretion review by this Court does not permit us to substitute our exercise of discretion for that of the lower court, it, likewise, "does not . . . immunize a lower court's decision from any meaningful appellate scrutiny." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

---

[1] *See Carter v. Carter,* M2013-00193-COA-R3-CV, 2013 WL 5568360 (Tenn. Ct. App. Oct. 7, 2013); *Carter v. Carter*, M2012-00342-COA-R3-CV, 2012 WL 6743816 (Tenn. Ct. App. Dec. 28, 2012).

[2] The child turned eighteen prior to graduating from high school, so Father's child support obligation continued until her class graduated.

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.

*Id.*; *see also Estate of Brock*, 63 S.W.3d at 732. "[T]he reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness." *Lee Med.*, 312 S.W.3d at 525.

Before the hearing, when the trial court said it would not hear the testimony of the child, the court offered Mother the opportunity to make an offer of proof:

> But I do think fairness dictates that since that was not raised in the pleadings, that I'm not going to consider reducing it to zero.[3] Again it's a policy issue there, so I'm not going to hear from the daughter. Whether or not you want to put on an offer of proof for appeal purposes, you might want to stipulate that she would say these things just for appellate purposes.[4]

> I mean, I'll step out. I just think that doesn't avoid him hearing the hurtful testimony from the daughter, if they wanted to keep that. But the thing is, it's not in the petition, so I'm not going to hear from the daughter today.

Mother did not make an offer of proof at trial as to the child's intentions regarding spending time with Father, despite receiving the trial court's permission to do so. The trial court's order of September 5, 2014 addressed this issue as follows:

---

[3] Father's attorney told the court that he was not aware until the day of the hearing of Mother's position that child support should be increased because the child did not intend to exercise all of her parenting time with Father.

[4] Mother's attorney had given the court an oral summary of what the child would say and stated, "I'm hoping that we don't have to have her testify, that the court will accept the summary of what her testimony would be." By offering the opportunity for an offer of proof, the court did not accept the summary.

At the hearing in this cause, the Mother brought it to the Court's attention that the minor child is due to reach age eighteen (18) later in August, 2014. The Mother further offered that the child will be free to spend as much or as little time with either parent as the child desires. In light of this, the Mother asked the Court to re-calculate support by allocating no days per year to the Father for his share of the annual parenting time. The Court is of the opinion that it would not be fair to the Father to presume that the child will not spend time with the Father at the same level as that set forth in the current parenting plan. Rather than speculate on how much time the child might spend with either parent in the future,[5] the Court is calculating monthly support (both retroactive and prospective) based on the number of days allocated to each party in the existing parenting plan.

Utilizing the *Lee Medical* criteria, the factual basis for the decision is apparent. The trial judge considered the testimony of the child as to her future intended conduct to be speculative. The only concrete fact the trial court had was the number of parenting time days in the existing order. Given that no offer of proof was made, we cannot say that the judge's decision is not supported by evidence in the record.

Did the court identify and apply the appropriate legal principles? We believe it did. Courts deal with the present. They do not address "future events that may or may not occur as anticipated or, indeed, may not occur at all." *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 318 S.W.3d 839, 848 (Tenn. 2010). The child's testimony about her future intention to restrict her visits with Father would have been speculative—it would involve the realm of the possible or theoretical rather than the demonstrable. MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.merriam-webster.com/dictionary/speculative (last visited Nov. 4, 2015) (defining speculative). In other words, "[t]he presence of a design or plan to do or not do a given act has probative value to show that the act was in fact done or not done." 1A Wigmore, EVIDENCE § 102 (Tillers rev. 1983). A plan or intention has little value in proving future conduct. Parenting time is modified when a material change of circumstances has occurred, not when it might occur. Tenn. Code Ann. § 36-6-101(a)(2)(C).

Finally, we cannot say that the trial court's decision was not "within the range of acceptable alternative dispositions." *Lee Med.*, 312 S.W.3d at 524.

---

[5] Father's counsel argued that he had no notice of the argument - the issue was not raised in the pleadings - and that "[i]t's speculative as to whether she will spend parenting time with Mr. Carter or not . . . ." Mother's attorney argued that "[t]he reason we did that was hopefully to avoid having to come back to court . . . . we were trying to do this in the interest of judicial economy."

We affirm the trial court's decision not to hear testimony of the child's future intention as to visitation with Father and its resulting decision not to reduce Father's parenting time to zero for purposes of the child support calculation. The issue may be addressed in the future if a material change of circumstances occurs.

Mother also maintains that the trial court abused its discretion in awarding attorney's fees to Father. The governing statute is Tenn. Code Ann. § 36-5-103(c):

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

While an award of attorney's fees is within the discretion of the trial court, *Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001), the statute must apply first. The American Rule as to attorney's fees establishes that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). Our Supreme Court has stated that the American Rule is "firmly established in this state." *Id.* The American Rule is based on the notion "that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." *House v. Estate of Edmondson*, 245 S.W.3d 372, 377 (Tenn. 2008). Thus, pursuant to the American Rule, "a party in a civil case may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies . . . ." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009).

When construing a statute, the goal of the court is to "give full effect to the General Assembly's purpose, stopping just short of exceeding its intended scope." *Lee Med.*, 312 S.W.3d at 526. Thus, "the courts must always begin with the words that the General Assembly has chosen." *Id.* The words of the statute must be given their natural and ordinary meaning. *Id.* Tennessee Code Annotated Section 36-5-103(c) expressly states that "reasonable attorney fees" may be recovered if the fees are "incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties . . . ." The Tennessee Supreme Court has stated that "[i]n cases involving the custody and

5

support of children, . . . it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." *Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn.1989) (citing *Graham v. Graham*, 204 S.W. 987, 989 (Tenn. 1918), and then quoting Tenn. Code Ann. § 36-5-103(c)). Thus, "Tenn. Code Ann. § 36-5-103(c) has been used as authority to award fees to custodial parents who have successfully sought increases in child support, as well as to parents who successfully defend an obligor parent's efforts to reduce a child support obligation." *Evans v. Evans*, No. M2002-02947-COA-R3-CV, 2004 WL 1882586, at *11 (Tenn. Ct. App. Aug. 23, 2004) (citations omitted). This matter is not one in which Father incurred attorney fees on behalf of the minor. The instant action is not to enforce any decree for child support, nor does it seek to adjudicate the custody of a child. Therefore, this action does not fit the language or purpose of Tenn. Code Ann. § 36-5-103(c); so no exception to the American Rule exists in this case.

We also note that the trial court made no findings in its September 5, 2014 order. The court wrote:

> Finally, the Father requested an award of attorney's fees and expenses in an amount in excess of $14,000.00, which sum was supported by the fee and expense affidavit of James H. Drescher, Esq. and submitted as a trial exhibit. The Court is of the opinion that the Father shall have a judgment against the Mother for his legal fees and expenses in the reduced amount of $10,000.00.

The court did not elaborate on the award in its order on Mother's motion to alter and amend, stating only that the motion "is not well taken and it is hereby denied."

In the oral ruling on August 8, 2014, the trial court revealed a little more of its reasoning, saying:

> so then the next big issue is on the attorney's fees and although I believe you have been very forthcoming on the information that's in this case, that's the best way to say it. Previously there was history before your involvement where things did not seem to be, they weren't forthcoming so I think I'm going to award attorney's fees because although they are higher than I would wish to see in a case of this sort, the history of the parties make this case complicated so I am going to award attorney's fees to the ex-husband in the amount of $10,000.00.

Thus, the court considered the history of the entire case in deciding to award attorney's fees.

6

Applying the *Lee Medical* criteria, we find that the trial court erred in awarding attorney's fees to Father's attorney. The only factual basis for the award mentioned by the court was the prior history of the litigation, before Mother's trial attorney became involved. No legal principles were discussed. We do not find that the trial court's award is "within the range of acceptable alternative dispositions," *Lee Med.*, 312 S.W.3d at 524, because attorney's fee awards were already considered in at least one prior segment of the case. *See Carter v. Carter*, 2012 WL 6743816, at *9-10 (attorney's fees awarded to Mother). In addition, the fee affidavit by Father's attorney does not contain work done prior to the filing of the petition that initiated this matter.

In light of the above, we reverse the award of attorney's fees to Father.

Finally, Father argues that he should be awarded attorney's fees for this appeal. Given our interpretation of Tenn. Code Ann. § 36-5-103(c), we cannot do so. We note, however, that even if we had the authority to award attorney's fees to Father in this case, we would not do so.

CONCLUSION

We affirm the trial court's decision not to allow testimony of the child and the resulting calculation of child support based on the parenting time order in place at that time. We reverse the award of attorney's fees.

Costs of appeal are assessed against the appellant and appellee equally, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

7