**FILED**

**November 5, 2025**

**TN COURT OF
WORKERS' COMPENSATION
CLAIM**

**1:09 PM (CT)**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Henry Martin,<br>    Employee,<br>v.<br>Kirby Building Systems,<br>    Employer,<br>and<br>Arch Indemnity Ins. Co.,<br>    Carrier. | Docket No. 2025-60-2682<br><br>State File No. 2304-2024<br><br>Judge Kenneth M. Switzer |

## COMPENSATION ORDER GRANTING BENEFITS

The Court held a compensation hearing on October 29, 2025, on the sole issue of Henry Martin's entitlement to future medical benefits and whether this dispute is ripe. The Court finds that it is and holds that Mr. Martin is entitled to lifetime medical benefits.

### Claim History

On January 7, 2024, Mr. Martin injured his thumb while working for Kirby Building Systems. He later filed a petition seeking a final medical report from the treating physician, Dr. Todd Rubin, and resolution of the permanency issues.

The dispute certification notice listed the compensation rate as an issue, but no monetary benefits are owed. It additionally listed medical benefits as an issue but acknowledged that Mr. Martin was treating. The mediator attached correspondence from Kirby Building Systems' attorney stating: "Employee is seeking an order ensuring his future right to medical treatment in excess of the statutory right but did not dispute there was any active issue with medical benefits."

Mr. Martin was released at maximum medical improvement with a 0% impairment rating. At a previous scheduling hearing, Kirby Building Systems' attorney agreed that no dispute exists as to compensability, the impairment rating, or entitlement to temporary disability and past medical benefits. The parties later filed stipulations as follows: No disputes exist as to temporary disability benefits; no treatment denials are pending; and Mr. Martin is unaware of any outstanding expenses on his claim.

1

Mr. Martin requested that he finalize the case with an order memorializing his right to lifetime open medical benefits. He argued that, without an order, if he needs treatment after the statute of limitations has passed, he could not receive it.[1]

In contrast, Kirby Building Systems seeks dismissal of the petition. It argued that section 50-6-204 already guarantees a right to medical benefits, so an order is unnecessary. Further, it contended that no disputes exist so that the case is not properly before the Court under the ripeness doctrine.

### Findings of Fact and Conclusions of Law

Mr. Martin must show by a preponderance of the evidence that he is entitled to open medical benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

The statute and longstanding caselaw from the Tennessee Supreme Court provide that even when an employee retains no permanent impairment, as in this case, the employer remains responsible for future medical treatment of a work injury. *Id.* § 50-6-204(b)(1); *Barron v. State Dep't of Human Servs.,* 184 S.W.3d 219, 223 (Tenn. 2006).

Further, since passage of the Reform Act, the Appeals Board has similarly held, "Unless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker *remains entitled* to reasonable and necessary medical treatment causally related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017) (Emphasis added).

This case cannot remain on the docket indefinitely. The Appeals Board has explained, "[T]rial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure *efficient disposition* of civil cases." *Smith v. The Newman Grp.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Sept. 21, 2015) (Emphasis added). Regarding the methods of disposition, "there are only four possible resolutions of the petition in the Court of Workers' Compensation Claims: adjudication by a judge; settlement of the claim approved by a judge; a nonsuit or voluntary dismissal of the claim; or involuntary dismissal of the claim." *Taylor v. Am. Tire Distrib.'s,* 2017 TN Wrk. Comp. App. Bd. LEXIS 48, at *5-6 (Aug. 15, 2017). Of these four, Mr. Martin seeks adjudication.

---

[1] Mr. Martin additionally moved for a "directed verdict," referring to an involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure. *Allen v. United Cabinet Corp., LLC,* 2024 TN Wrk. Comp. App. Bd. LEXIS 12, at *3 (Mar. 19, 2024). Rule 41.02(2) (2024) provides in part: "After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the *defendant* . . . may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." The rule by it plain language is inapplicable, so the motion is denied.

2

Kirby Building Systems contended that the case cannot be adjudicated because no disputes currently exist, so the case is not ripe. The Court disagrees.

The ripeness doctrine assists courts in determining whether a particular case presents a justiciable legal issue. It "focuses on whether the dispute has matured to the point that it warrants a judicial decision. The central concern of the ripeness doctrine is whether the case involves uncertain or contingent future events that may or may not occur as anticipated or, indeed, may not occur at all." *Cotton v. HumaCare, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 42, at *10-11 (Sept. 14, 2016) (Citations omitted). The Supreme Court gave a two-part test to determine if an issue is ripe for judicial review: 1) whether the issues in the case are ones appropriate for judicial resolution; and 2) whether the court's refusal to act will cause hardship to the parties. *B & B Enters. of Wilson Cnty., LLC v. City of Leb.*, 318 S.W.3d 839, 848-849 (Tenn. 2010).

Here, Kirby Building Systems sought dismissal of the petition on the basis of its professed willingness—essentially just a promise—to provide all benefits Mr. Martin is entitled to under the law. Recognizing the difficulty of seeking to enforce a promise, Mr. Martin reasonably requested a court order instead, if and when he needs future medical treatment.

This dispute has matured to the point where it warrants a judicial determination. Mr. Martin has completed treatment and been assigned a rating, which is the typical point where cases either settle or proceed to a compensation hearing. Mr. Martin might or might not need further treatment. But that can be said of almost all cases that seek a final adjudication in workers' compensation.

As to whether the Court's refusal to act would result in a hardship to the parties, Mr. Martin's lack of an order memorializing his right to open medical benefits causes him hardship, in that *right now,* it places him on a lesser footing than an injured worker who has obtained an order confirming this benefit. He has no writing for a future court to enforce relative to this date of injury.

Kirby Building Systems argued that Mr. Martin can simply file another petition if treatment is denied in the future. That would force Mr. Martin to bring a whole other lawsuit, mediate the claim, and potentially litigate the issue (possibly without legal representation), which is a hardship. He also might face an insurmountable defense, including the statute of limitations, if a latent condition does not manifest within the timeframe in section 50-6-203.

Along these lines, the Court is unpersuaded by Kirby Building Systems' argument citing the law regarding limitations, section 50-6-203(a). This provides, "No request for a hearing by a workers' compensation judge under this chapter shall be filed with the court

3

of workers' compensation claims . . . until a workers' compensation mediator has issued a dispute certification notice certifying *issues in dispute* for a hearing before a workers' compensation judge." (Emphasis added).

The dispute certification notice in this case lists the compensation rate and medical benefits as issues in dispute. Kirby Building Systems' attachment or the pretrial statement suggesting that no issues exist does not nullify the mediator's opinion that two issues do exist. Moreover, since July 1, section 50-6-239(b) grants permission for parties to present issues that have not been certified by the mediator. This compensation hearing would have been unnecessary if no issues existed, *now;* the parties would have presented an agreement for settlement.

For all these reasons, the Court rejects the ripeness argument and finds that Mr. Martin has shown by a preponderance of the evidence that he is entitled to future medical benefits.

Finally, Kirby Building Systems moved the Court for summary judgment making essentially the same arguments. That motion is denied for the same reasons given in this Compensation Order.

**IT IS, THEREFORE, ORDERED** as follows:

1. Kirby Building Systems shall provide reasonable, necessary, and work-related future medical benefits with Dr. Todd Rubin for Mr. Martin's thumb injury.

2. The Court taxes the $150.00 filing fee to Kirby Building Systems, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five business days of this order becoming final, and for which execution might issue if necessary.

3. Kirby Building Systems shall file a Statistical Data Form (SD-2) with the Court Clerk within ten business days of the date this order issues.

4. Unless appealed, this order shall become final 30 days after entry.

ENTERED November 5, 2025.

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

**Appendix**

Exhibits:
1. Stipulations


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on November 5, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Adam Brock-Dagnan, employee's attorney | | | X | adam.brockdagnan@forthepeople.com<br>christopher.howell@forthepeople.com |
| Troy Hart, Tiffany Hranicky, employer's attorneys | | | X | wth@mijs.com<br>tbhranicky@mijs.com<br>telett@mijs.com |

Penny Shrum

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*